**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

REVEREND JUSTIN BLEUER, BEREAN BIBLE CHURCH, NEW YORKERS FOR CONSTITUTIONAL FREEDOMS, REVEREND JASON J. MCGUIRE, ROBERT PARKER, CHERYL PARKER, LIGHTHOUSE WESLEYAN CHURCH, KELLY TODD, BETHEL CHAPEL, H. ED REED, CHRISTIAN BIBLE CHURCH, DR. WALT SCHLUNDT, COMMUNITY BIBLE CHURCH, REVEREND VIRGINIA OGDEN, THE CHURCH OF THE GOOD SHEPHERD, STEVE LAMARCO, VICTOR COMMUNITY CHURCH, ANDREW LARSON, THE BAPTIST CHURCH OF NORTHVILLE, REVEREND VINCENT FUSCO, NEW JERUSALEM CITY CHURCH, KEITH HENRY, NEW LIFE ASSEMBLY OF GOD, FRANK DELUCCIO, BRIAN RATHBUN, LAKESHORE COMMUNITY CHURCH. SCOTT HARRIS, GRACE BIBLE CHURCH, JAY RIGGLEMAN, BIBLE BAPTIST CHURCH OF SODUS, RAYMOND RICHARDS, CALVARY ASSEMBLY OF GOD, BRETT POPP, CHRISTIAN CHURCH OF CHARLESTON FOUR CORNERS, TONY LABARCA, CROSSROADS CHURCH, SCOTT STROBEL, FIRST BIBLE BAPTIST CHURCH, JOHN WIVELL, INDEPENDENT BAPTIST CHURCH, ERIC HICE, CENTER STREET BAPTIST CHURCH, TIM LINDSAY, HARVEST CHRISTIAN FELLOWSHIP, ANDREW FIDURKO, MALLORY WESLEYAN CHURCH, JIM KROHN, SOUTHEAST BIBLE BAPTIST CHURCH, STEVE HARNESS, WILTON BAPTIST CHURCH, BARAK SMITH, DOOR TO HOPE CHURCH, MURRAY MUMAU, GENESEE COUNTRY CHURCH,

PLAINTIFFS,

vs.

KEVIN P. BRUEN, IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF THE NEW YORK STATE POLICE, MICHAEL KORCHAK IN HIS CAPACITY AS THE DISTRICT ATTORNEY FOR THE COUNTY OF BROOME COUNTY, LORI PETTIT RIEMANN IN HER CAPACITY AS THE DISTRICT ATTORNEY FOR THE COUNTY OF CATTARAUGUS, MICHAEL FERRARESE IN HIS CAPACITY AS THE DISTRICT ATTORNEY FOR THE COUNTY OF CHENANGO, ANDREW J. WYLIE IN HIS CAPACITY AS THE DISTRICT ATTORNEY FOR THE COUNTY OF CLINTON, JACK STOLLSTEIMER IN HIS CAPACITY AS THE DISTRICT ATTORNEY FOR DELAWARE COUNTY, WILLIAM V. GRADY IN HIS CAPACITY AS THE DISTRICT ATTORNEY FOR THE COUNTY OF DUTCHESS, AMANDA NELLIS IN HER CAPACITY AS THE ACTING DISTRICT ATTORNEY FOR THE COUNTY OF FULTON, JEFFREY CARPENTER IN HIS CAPACITY AS THE DISTRICT ATTORNEY FOR THE COUNTY OF HERKIMER, ERIC GONZALEZ IN HIS CAPACITY AS THE DISTRICT ATTORNEY FOR THE COUNTY OF KINGS, GREGORY J. MCCAFFREY IN HIS CAPACITY AS THE DISTRICT ATTORNEY FOR THE

Civil Action No.
_____
3:22-cv-01037 (TJM/ML)

COUNTY OF LIVINGSTON, SANDRA DOORLEY IN HER CAPACITY AS THE DISTRICT ATTORNEY FOR THE COUNTY OF MONROE, LORRAINE DIAMOND IN HER CAPACITY AS THE DISTRICT ATTORNEY FOR THE COUNTY OF MONTGOMERY, BRIAN D. SEAMAN IN HIS CAPACITY AS THE DISTRICT ATTORNEY FOR THE COUNTY OF NIAGARA, JAMES RITTS IN HIS CAPACITY AS THE DISTRICT ATTORNEY FOR THE COUNTY OF ONTARIO, JOSEPH V. CARDONE IN HIS CAPACITY AS THE DISTRICT ATTORNEY FOR THE COUNTY OF ORLEANS COUNTY, GREGORY S. OAKES IN HIS CAPACITY AS THE DISTRICT ATTORNEY FOR THE COUNTY OF OSWEGO, KAREN A. HEGGEN IN HER CAPACITY AS THE DISTRICT ATTORNEY FOR THE COUNTY OF SARATOGA, SUSAN J. MALLERY IN HER CAPACITY AS THE DISTRICT ATTORNEY FOR THE COUNTY OF SCHOHARIE, BROOKS BAKER IN HIS CAPACITY AS THE DISTRICT ATTORNEY FOR THE COUNTY OF STEUBEN, AND MICHAEL CALRCO IN HIS CAPACITY AS THE DISTRICT ATTORNEY FOR THE COUNTY OF WAYNE,

DEFENDANTS.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

The above plaintiffs by and through by and through the undersigned counsel, respectfully allege as follows:

### I. INTRODUCTION

1. The plaintiffs to this action are churches, members, and officers of those churches, and the nonprofit New Yorkers for Constitutional Freedoms (NYCF) and its executive officer. The plaintiffs bring this action to protect fundamental rights, the protection of which are entrusted to the governments of the United States and the State of New York by the First and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of New York. U.S. Const. amend. II and XIV; NY Const. art. I, § 3 and § 9.

2. The churches and their members, officers, and pastors are individuals and entities uniquely singled out by New York's "Concealed Carry Improvement Act" (CCIA).

Purely by the exercise of constitutionally protected religious observance on their premises, the State of New York denies them the right to effective self-defense.

3. NYCF is similarly uniquely singled-out as a faith-focused advocacy group which primarily reaches its members, supporters, and constituents by attending churches and congregations around the state to advise and encourage those congregations to participate in the legislative process. Under New York's CCIA provisions as passed and presently enforced, every peaceful assembly which NYCF attends or hosts in support of its advocacy is rendered a "sensitive location" at which citizens may not protect themselves pursuant to a lawfully obtained firearms license or other lawful firearm. This prohibition would appear to take effect regardless of the nature of the physical location at which such peaceful assembly occurs.

4. The disarming of citizens while attending places of "worship or religious observance" is not taking place in a vacuum. Religiously motivated or targeted attacks continue to be a risk to every congregation nationally and in the State of New York. Federal Bureau of Investigation hate crime statistics show that incidents in churches, synagogues, temples, and mosques increased 34.8% between 2014 and 2018, which is the last year for which FBI data is available.[1]

5. The plaintiffs to this action all engage in constitutionally protected religious activity at location(s) which are made known to the public as places of worship and/or religious observation.

---

[1] https://apnews.com/article/pa-state-wire-tx-state-wire-new-york-ny-state-wire-nv-state-wire-165f7ac1b3ce8b90a537da1a1f8886a4

6. The plaintiffs to this action are aware of other actions pending which are directed at the entirety of the CCIA. The plaintiffs to this action need not and do not seek a determination of the constitutionality of the CCIA as a whole.

7. Instead, the plaintiffs seek only as much relief as is necessary to exercise their Constitutional and natural right to self-defense while also exercising their Constitutional right to worship free of discrimination or prejudice.

## II. Parties

8. NYCF is a nonprofit, tax-exempt organization under Section 501(c)(4) of the Internal Revenue Code. NYCF is headquartered at 1043 N. Greece Road, Rochester, New York 14626 in the County of Monroe and maintains a consistent presence in the New York State Capitol during the legislative session.

9. Plaintiff Reverend Jason J. McGuire is the Executive Director of Plaintiff New Yorkers for Constitutional Freedoms (NYCF), with an address of 1043 N. Greece Road, Rochester, New York 14626 in the County of Monroe. Reverend Jason J. McGuire personally appears at churches and conferences around the State of New York and organizes with church leaders to include the network of NYCF-supporting churches and entities in NYCF's public policy objectives. Reverend Jason J. McGuire is a law-abiding person who currently possesses and has maintained an unrestricted New York carry license and who is eligible to possess and carry firearms in the State of New York. He wishes and intends to carry a concealed firearm to protect himself and others during his preaching, teaching, or other lawful assembly and would do so in the absence of the prohibitions now codified at NY Penal Law § 265.01-e (2).

10. Plaintiffs Reverend Robert Parker and Reverend Cheryl Parker are the pastors of Plaintiff Lighthouse Wesleyan Church located at 101 S. Lackawanna Street, Wayland, New York 14572 in the County of Steuben.  Both Reverend Robert Parker and Reverend Cheryl Parker are law-abiding persons eligible to possess and carry firearms who possess lawfully issued New York carry licenses and would carry firearms at 101 S. Lackawanna Street, Wayland, New York 14572 for the protection of themselves and the congregation during worship services held there in the absence of the prohibitions now codified at NY Penal Law § 265.01-e (2).

11. Plaintiff Kelly Todd is the pastor of Plaintiff Bethel Chapel located at 3486 NY-79, Harpursville, New York 13787 in the County of Broome.  Pastor Kelly Todd is a law-abiding person eligible to possess and carry firearms who possesses a lawfully issued New York carry license and would carry firearms at 3486 NY-79, Harpursville, New York 13787 for the protection of himself and the congregation during worship services held there in the absence of the prohibitions now codified at NY Penal Law § 265.01-e (2).

12.  Plaintiff Reverend Justin Bleuer is the teaching pastor of Plaintiff Berean Bible Church located at 109 County Road 2, Greene, New York 13778 in the County of Chenango. Reverend Justin Bleuer is a law-abiding person eligible to possess and carry firearms who possesses a lawfully issued New York carry license and would carry firearms at 109 County Road 2, Greene, New York 13778 for the protection of himself and the congregation during worship services held there in the absence of the prohibitions now codified at NY Penal Law § 265.01-e (2).

13. Plaintiff H. Ed Reed is the reverend and elder of Plaintiff Christian Bible Church located at 167 Ward Road, Mohawk, New York 13407 in the County of Herkimer.   Reverend H.

Ed Reed is a law-abiding person eligible to possess and carry firearms who possesses a lawfully issued New York carry license and would carry firearms at 167 Ward Road, Mohawk, New York 13407 for the protection of himself and the congregation during worship services held there in the absence of the prohibitions now codified at NY Penal Law § 265.01-e (2).

14. Plaintiff Dr. Walt Schlundt is the pastor of Plaintiff Community Bible Church located at 89 Center Street, Franklin, New York 13775 in the County of Delaware.  Dr. Walt Schlundt is a law-abiding person eligible to possess and carry firearms who possesses a lawfully issued New York carry license and would carry firearms at 89 Center Street, Franklin, New York 13775 for the protection of himself and the congregation during worship services held there in the absence of the prohibitions now codified at NY Penal Law § 265.01-e (2).

15. Plaintiff Reverend Virginia Ogden is the pastor of Plaintiff The Church of the Good Shepherd located at 26 Moyer Street, Canajoharie, New York 13317 in the County of Montgomery.  Reverend Virginia Ogden is a law-abiding person eligible to possess and carry firearms who possesses a lawfully issued New York carry license and would carry firearms at 26 Moyer Street, Canajoharie, New York 13317 for the protection of herself and the congregation during worship services held there in the absence of the prohibitions now codified at NY Penal Law § 265.01-e (2).

16. Plaintiff Reverend Steve Lamarco is the lead pastor of Plaintiff Victor Community Church located at 7500 NY-251, Victor, New York 14564 in the County of Ontario.  Reverend Steve Lamarco is a law-abiding person eligible to possess and carry firearms who possesses a lawfully issued New York carry license and would carry firearms at 7500 NY-

251, Victor, New York 14564 for the protection of himself and the congregation during worship services held there in the absence of the prohibitions now codified at NY Penal Law § 265.01-e (2).

17. Plaintiff Andrew Larson is the pastor of Plaintiff The Baptist Church of Northville located at 111 North First Street, Northville, New York 12134 in the County of Fulton.  Pastor Andrew Larson is a law-abiding person eligible to possess and carry firearms who possesses a lawfully issued New York carry license and would carry firearms at 111 North First Street, Northville, New York 12134 for the protection of himself and the congregation during worship services held there in the absence of the prohibitions now codified at NY Penal Law § 265.01-e (2).

18. Plaintiff Reverend Vincent Fusco is the pastor of Plaintiff New Jerusalem City Church located at 2114 Mermaid Avenue, Brooklyn, New York 11224 in the County of Kings. Reverend Vincent Fusco is a law-abiding person eligible to possess and carry firearms who possesses a lawfully issued New York City Premise Permit and would carry firearms at 2114 Mermaid Avenue, Brooklyn, New York 11224 for the protection of himself and the congregation during worship services held there in the absence of the prohibitions now codified at NY Penal Law § 265.01-e (2).

19. Plaintiff Keith Henry is the pastor of Plaintiff New Life Assembly of God located at 7608 Route 31, Lyons, New York 14489 in the County of Wayne.  Pastor Keith Henry is a law-abiding person eligible to possess and carry firearms who possesses a lawfully issued New York carry license and would carry firearms at 7608 Route 31, Lyons, New York 14489 for the protection of himself and the congregation during worship services held there in the absence of the prohibitions now codified at NY Penal Law § 265.01-e (2).

20. Plaintiffs Frank DeLuccio and Brian Rathbun are pastors of Plaintiff Lakeshore Community Church located at 3651 Latta Road, New York 14612 in the County of Monroe. Both Frank DeLuccio and Brian Rathbun are law-abiding persons eligible to possess and carry firearms who possess lawfully issued New York carry licenses and would carry firearms at 3651 Latta Road, New York 14612 for the protection of themselves and the congregation during worship services held there in the absence of the prohibitions now codified at NY Penal Law § 265.01-e (2).

21. Plaintiff Scott Harris is the pastor of Plaintiff Grace Bible Church located at 158 Myers Corners Road, Wappingers Falls, New York 12590 in the County of Dutchess. Pastor Scott Harris is a law-abiding person eligible to possess and carry firearms who possesses a lawfully issued New York City Premise Permit and would carry firearms at 158 Myers Corners Road, Wappingers Falls, New York 12590 for the protection of himself and the congregation during worship services held there in the absence of the prohibitions now codified at NY Penal Law § 265.01-e (2).

22. Plaintiff Jay Riggleman is the pastor of Plaintiff Bible Baptist Church of Sodus located at 6181 Ridge Road, Sodus, New York 14551 in the County of Wayne.

23. Plaintiff Reverend Raymond Richards is the pastor of Plaintiff Calvary Assembly of God located at 960 Mineral Springs Road, Cobleskill, New York 12043 in the County of Schoharie.

24. Plaintiff Brett Popp is the pastor of Plaintiff Christian Church of Charleston Four Corners located at 1380 E. Lykers Road, Sprakers, New York 12166 in the County of Montgomery.

25. Plaintiff Tony LaBarca is the pastor of Plaintiff Crossroads Church located at 1574 Rochester Street, Lima, New York 14485 in the County of Livingston.

26. Plaintiff Scott Strobel is the pastor of Plaintiff First Bible Baptist Church located at 949 Lincoln Avenue, Lockport, New York 14904 in the County of Niagara.

27. Plaintiff John Wivell is the pastor of Plaintiff Independent Baptist Church located at 2030 Route 22, Keeseville, New York 12944.

28. Plaintiff Eric Hice is the pastor of Plaintiff Center Street Baptist Church located at 443 Center Street, Salamanca, New York 14779 in the Country of Cattaraugus.

29. Plaintiff Tim Lindsay is the pastor of Plaintiff Harvest Christian Fellowship located at 560 East Avenue, Albion, New York 14411 in the County of Orleans.

30. Plaintiff Reverend Andrew Fidurko is the pastor of Plaintiff Mallory Wesleyan Church located at 5 Baum Road, Mallory, New York 13103 in the County of Oswego.

31. Plaintiff Jim Krohn is the pastor of Plaintiff Southeast Bible Baptist Church located at 1850 Fairport Nine Mile Point Road, Penfield, New York 14526 in the County of Monroe.

32. Plaintiff Steve Harness is the pastor of Plaintiff Wilton Baptist Church located at 755 Saratoga Road, Wilton, New York 12831 in the County of Saratoga.

33. Plaintiff Murray Mumau is an Elder for Plaintiff Genesee Country Church located at 3268 Drake Street Road, Oakfield, New York 14125.

34. Pastor Barak Smith is the pastor of Plaintiff Door to Hope Church located at 3844 County Road 46, Canandaigua, New York 14424.

35. Plaintiffs Lighthouse Wesleyan Church, Bethel Chapel, Berean Bible Church, Christian Bible Church, Community Bible Church, The Church of the Good Shepherd, Victor Community Church, The Baptist Church of Northville, New Jerusalem City Church, New

Life Assembly of God, Lakeshore Community Church, Grace Bible Church, Bible Baptist Church of Sodus, Calvary Assembly of God, Christian Church of Charleston Four Corners, Crosspoint Church, Crossroads Church, First Bible Baptist Church, Independent Baptist Church, Center Street Baptist Church, Harvest Christian Fellowship, Mallory Wesleyan Church, Southeast Bible Baptist Church, Wilton Baptist Church, Door to Hope Church, and Genesee Country Church are entities participating in this action by their respective officers, who are also named as plaintiffs in their individual capacities, who are authorized to bring this action on behalf of their churches. NY Penal Law § 265.01-e (2)(c) bars each and every church plaintiff from continuing the use of their in-house security teams made up of church members and attendees who possess a lawfully issued New York carry license or other otherwise legal rifles or shotguns as of September 1, 2022. The exceptions contained in NY Penal Law § 265.01-e (3) do not cure the impermissible chill on the constitutionally protected right to worship "without discrimination or preference". NY Const art. I, § 3.

36. Defendant Kevin P. Bruen is sued in his official capacity as the Superintendent of the New York State Police. As Superintendent, he exercises, delegates, or supervises all the powers and duties of the New York Division of State Police, which is responsible for executing and enforcing New York's laws and regulations governing the carrying of firearms in public. Defendant Bruen may be served at the New York State Police, Building 22, 1220 Washington Avenue, Albany, NY, 12226.

37. Defendants District Attorney Michael Korchak (Broome County), District Attorney Lori Pettit Riemann (Cattaraugus County), District Attorney Michael Ferrarese (Chenango County), District Attorney Andrew J. Wylie (Clinton County), District Attorney Jack

Stollsteimer (Delaware County), District Attorney William V. Grady (Dutchess County), Acting District Attorney Amanda Nellis (Fulton County), District Attorney Jeffrey Carpenter (Herkimer County), District Attorney Eric Gonzalez (Kings County), District Attorney Gregory J. McCaffrey (Livingston County), District Attorney Sandra Doorley (Monroe County), District Attorney Lorraine Diamond (Montgomery County), District Attorney Brian D. Seaman (Niagara County), District Attorney James Ritts (Ontario County), District Attorney Joseph V. Cardone (Orleans County), District Attorney Gregory S. Oakes (Oswego County), District Attorney Karen A. Heggen (Saratoga County, District Attorney Susan J. Mallery (Schoharie County), District Attorney Brooks Baker (Steuben County), and District Attorney Michael Calrco (Wayne County) are responsible for initiating and maintaining criminal prosecutions in their respective counties, including prosecutions under Penal Law § 265.01-e(2)(c). Each of these defendants are sued in their official capacity.

### III. JURISDICTION

38. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 1651, 2201, 2202 and 42 U.S.C. §§ 1983 and 1988.

39. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

### IV. STATEMENT OF FACTS

40. The Second Amendment to the United States Constitution provides that "[a] well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."  U.S. Const. amend. II.  The Second Amendment guarantees the People the right to carry weapons in case of confrontation"

for the "lawful purpose of self-defense". *District of Columbia v. Heller*, 554 U.S. 570, 592, 630 (2008).

41. More than a decade ago, the Supreme Court rejected the nearly uniform opinions reached by the courts of appeals, which for years had claimed that the Second Amendment protects only a communal right of a state to maintain an organized militia. *Heller*, 554 U.S. at 581. Setting the record straight, the *Heller* Court explained that the Second Amendment recognizes, enumerates, and guarantees to *individuals* the preexisting right to keep and carry arms for self-defense and defense of others in the event of a violent confrontation. Id. at 592.

42. In *New York State Rifle & Pistol Assn., Inc. v. Bruen* (142 S. Ct. 2111 [2022]), the Supreme Court reaffirmed the rights guaranteed by the Second Amendment and held that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Bruen* at 2126, 2129-30. "To justify its [firearm] regulation, the government may not simply posit that the regulation promotes an important interest." *Id.* at 2126. Rather, the government must demonstrate that the firearm "regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126, 2130-31.

43. One such permissible method of regulating firearms is the prohibition of carrying firearms within so-called "sensitive" locations. *See Heller*, at 2817. That method is not without limitations, as the Supreme Court has made clear in *Bruen*. *Bruen*, at 2118-19.

44. While the *Bruen* Court "had no occasion to comprehensively define" sensitive locations in that case, the Court acknowledged that an attempt to expand sensitive locations too broadly would "eviscerate the general right to publicly carry arms for self-defense". *Id.*

at 2133-34.  Notwithstanding that, the *Bruen* Court rejected the attempt (by the State of New York, no less) to effectively define sensitive locations as all places of public congregation that are not isolated from law enforcement.  *Id*.

45. Accordingly, State laws expanding the list of so-called "sensitive places" or "sensitive locations" are not exempt from the presumptions described in *Bruen* nor the requirement that any such state demonstrate a historical basis for the resulting restriction(s).  *Id*. at 2134.

46. Despite this, the State of New York has enacted and put in place such a law dramatically expanding the list of sensitive locations.

47. That law, presented as the "Concealed Carry Improvement Act" (CCIA), was passed by a special session of the New York State Legislature only eight days after the Supreme Court's decision in *Bruen*.

48. The CCIA has been described as "a wish list of exercise-inhibiting restrictions glued together by a severability clause in case some of the more fanciful restrictions were struck down."  *Antonyuk v Bruen*, 122CV0734GTSCFH, 2022 WL 3999791, at *26 [NDNY Aug. 31, 2022].

49. In what is arguably the most *fanciful* restriction of the CCIA is now codified at NY Penal Law § 265.01-e (2), the State of New York has attempted to classify all "places of worship or religious observation" as sensitive locations at which the law-abiding church-goers may not keep or carry firearms, rifles, or shotguns, regardless of any permit or license they may hold, unless excepted by NY Penal Law § 265.01-e (3).

50. The full "wish list" of sensitive locations, some of which may *incidentally* affect churches, is as follows:

a) any place owned or under the control of federal, state or local government, for the purpose of government administration, including courts;

b) any location providing health, behavioral health, or chemical dependance[1] care or services;

c) **any place of worship or religious observation;**

d) libraries, public playgrounds, public parks, and zoos;

e) the location of any program licensed, regulated, certified, funded, or approved by the office of children and family services that provides services to children, youth, or young adults, any legally exempt childcare provider; a childcare program for which a permit to operate such program has been issued by the department of health and mental hygiene pursuant to the health code of the city of New York;

f) nursery schools, preschools, and summer camps;

g) the location of any program licensed, regulated, certified, operated, or funded by the office for people with developmental disabilities;

h) the location of any program licensed, regulated, certified, operated, or funded by office of addiction services and supports;

i) the location of any program licensed, regulated, certified, operated, or funded by the office of mental health;

j) the location of any program licensed, regulated, certified, operated, or funded by the office of temporary and disability assistance;

k) homeless shelters, runaway homeless youth shelters, family shelters, shelters for adults, domestic violence shelters, and emergency shelters, and residential programs for victims of domestic violence;

l) residential settings licensed, certified, regulated, funded, or operated by the department of health;

m) in or upon any building or grounds, owned or leased, of any educational institutions, colleges and universities, licensed private career schools, school districts, public schools, private schools licensed under article one hundred one of the education law, charter schools, non-public schools, board of cooperative educational services, special act schools, preschool special education programs, private residential or non-residential schools for the education of students with disabilities, and any state-operated or state-supported schools;

n) any place, conveyance, or vehicle used for public transportation or public transit, subway cars, train cars, buses, ferries, railroad, omnibus, marine or aviation transportation; or any facility used for or in connection with service in the transportation of passengers, airports, train stations, subway and rail stations, and bus terminals;

o) any establishment issued a license for on-premise consumption pursuant to article four, four-A, five, or six of the alcoholic beverage control law where alcohol is consumed and any establishment licensed under article four of the cannabis law for on-premise consumption;

p) any place used for the performance, art entertainment, gaming, or sporting events such as theaters, stadiums, racetracks, museums, amusement parks, performance venues, concerts, exhibits, conference centers, banquet halls, and gaming facilities and video lottery terminal facilities as licensed by the gaming commission;

q) any location being used as a polling place;

r) any public sidewalk or other public area restricted from general public access for a limited time or special event that has been issued a permit for such time or event by a governmental entity, or subject to specific, heightened law enforcement protection, or has otherwise had such access restricted by a governmental entity, provided such location is identified as such by clear and conspicuous signage;

s) any gathering of individuals to collectively express their constitutional rights to protest or assemble;

t) the area commonly known as Times Square, as such area is determined and identified by the city of New York; provided such area shall be clearly and conspicuously identified with signage.

NY Penal Law § 265.01-e (2).

51. The carrying of a firearm, rifle, or shotgun in any location deemed to fit into any of the above statutory categories is a class E felony. *Id*.

## COUNT ONE

### 42 U.S.C. § 1983 Action for Deprivation of Plaintiffs' Rights under U.S. CONST. amends. II and XIV

52. The plaintiffs incorporate by reference the allegations of the preceding paragraphs.

53. The Second Amendment's guarantee of "the right of the people to keep and bear Arms" secures to law-abiding, responsible, adult citizens the fundamental constitutional right to bear firearms in public for the purpose of self-defense. U.S. Const. amend. II.

54. This Second Amendment right to bear firearms in public applies to States through the Fourteenth Amendment.

55. New York may adopt laws restricting or limiting the carrying of firearms in sensitive locations, *however*, "[t]o justify [a] regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Bruen*, at 2126.

56. The inclusion of the vague and overbroad terms "places of worship or religious observance" as sensitive locations under the CCIA, presently codified as NY Penal Law § 265.01-e, is an impermissible and unconstitutional infringement of the plaintiffs' rights under the Second and Fourteenth Amendments.

57. The individual plaintiffs and plaintiff churches are irreparably harmed and endangered by the enactment and enforcement of NY Penal Law § 265.01-e (2), which denies the fundamental right guaranteed by the Second and Fourteenth Amendments to keep and/or carry a firearm in a house of worship for self-defense.

58. The State of New York has not and cannot offer any relevant historical support for the abrogation of the rights of churches or their members and officers to protect themselves and their congregations by the lawful carrying of firearms, rifles, or shotguns.

59. NY Penal Law § 265.01-e (2)(c) is therefore unconstitutional on its face and as applied to the plaintiffs.

60. Additionally, any other category under NY Penal Law § 265.01-e (2) which would, or could be interpreted to, convert a place of worship into a sensitive location (*e.g.*, nursery

schools, playgrounds, etc.) under some other category of NY Penal Law § 265.01-e (2) is unconstitutional as applied to the plaintiffs.

61. The plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs request that judgment be entered in their favor and against Defendant as follows:

1. An order temporarily restraining and/or preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the challenged sections of the CCIA, specifically, those codified as NY Penal Law § 265.01-e;

2. An order declaring that the challenged sections of the CCIA are unenforceable, unconstitutional and violate the First, Second, and Fourteenth Amendments to the United States Constitution and the New York State Constitution, Article I, § 3 and § 9;

3. Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. §1988; and

4. Such other further relief as is necessary to effectuate the Court's judgment or that the Court otherwise deems just and appropriate.

Dated: October 4, 2022

Respectfully submitted,

/s/ David C. Sieling
David C. Sieling
Sheldon W. Boyce, Jr.
BRENNA BOYCE PLLC
29 W. Main Street
Honeoye Falls, NY 14472
(585) 454-2000
david@brennalaw.com
NDNY Bar Roll# 702699
NDNY Bar Roll # 301342