

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

Writer's Direct Dial: (518) 776-2620

November 22, 2022

By ECF
Hon. Thomas J. McAvoy
United States District Judge
Northern District of New York
Federal Building and U.S. Courthouse
Binghamton, New York 13901

Re:   *Bleuer, et al. v. Bruen, et al.,* No. 3:22-cv-01037 (TJM/ML)

Dear Judge McAvoy:

      Defendant Stephen Nigrelli, Acting Superintendent of the New York State Police, respectfully writes to request the Court stay the above-referenced action because cases involving an identical issue are currently before the Second Circuit. I have contacted Plaintiffs' counsel and Plaintiffs oppose the request to stay this matter.

      Plaintiffs' single claim is that the "places of worship" provision of the Concealed Carry Improvement Act ("CCIA"), N.Y. Penal Law § 265.01-e(2)(c), violates the Second Amendment. Two separate appeals relating to the constitutionality of the "places of worship" provision are currently pending in the Second Circuit. In *Antonyuk v. Hochul*, No. 1:22-CV-0986 (GTS/CFH), 2022 WL 16744700 (N.D.N.Y. Nov. 7, 2022), the district court granted a preliminary injunction barring enforcement of provisions of the CCIA's "places of worship" provision.  *See id*. at *86. The State Defendants in *Antonyuk* appealed to the Second Circuit and sought a stay pending appeal.[1]  Additionally, in *Hardaway v. Nigrelli*, No. 22-CV-771 (JLS), 2022 WL 16646220 (W.D.N.Y. Nov. 3, 2022), the district court enjoined the "places of worship" provision. and the State Defendants have likewise appealed from this preliminary injunction and sought a stay pending appeal.

---

[1] On November 15, 2022, the Second Circuit granted an interim administrative stay of the *Antonyuk* preliminary injunction, pending the panel's consideration of the State Defendant's motion for a stay pending appeal. *See* attached.

Courts in this Circuit have broadly recognized that it is appropriate to "'to stay a federal action in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law).'" *Nuccio v. Duve*, No. 13-CV-1556, 2015 WL 1189617, at *5 (N.D.N.Y. Mar. 16, 2015) (quoting *LaSala v, Needham & Co., Inc.*, 388 F. Supp. 2d 421, 427 (S.D.N.Y. 2005). In determining whether to grant a stay, courts in this Circuit look to five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.* (quoting *Finn v. Barney*, No. 08-CV-2975, 2008 WL 5215699, at *2 (S.D.N.Y. Dec. 8, 2008)).

Here, all five factors weigh strongly in favor of a stay. If the case goes forward, Plaintiffs will needlessly expend their resources seeking a preliminary injunction substantially identical to the ones already being reviewed by the Second Circuit, and Defendant would have to respond to the same, and similarly respond to the Amended Complaint by December 6, 2022. *See Nuccio*, 2015 WL 1189617 at *5 ("the second factor – the private interests of and burden on Defendant[s] – weigh in favor of granting a stay, as the denial of a stay would force Defendant to expend resources on litigating issues that a final resolution o the [other] [a]ction will necessarily resolve."). "Permitting this action to proceed while judicial resources elsewhere are already devoted to determining the exact legal questions at issue here would be an inefficient use of judicial time and resources." Moreover, "[s]taying this action will serve the interest of the courts, non-parties, and the public by promoting the efficient use of judicial resources and 'minimizing the possibility of conflicts between different courts.'" *Nuccio*, 2015 WL 1189617, at *5 (quotation and brackets omitted).

Furthermore, any potential prejudice is eliminated by the terms of the preliminary injunctions currently in place, and of the stays that the State Defendants have sought in *Antonyuk* and *Hardaway*. In each case, the State Defendants have asked the Second Circuit to stay the injunction with regard to the place of worship provision, but not "as to persons who have been tasked with the duty to keep the peace at such locations." *See, e.g., Antonyuk* Stay Motion, No. 18 at 13 n.5. Plaintiffs here, therefore will not be affected by the place of worship provision during the pendency of the cases before the Second Circuit: if the pending stay motions are granted, Plaintiffs will retain the ability to designate persons to carry arms to keep the peace in their congregations; if the stay motion is denied, then the preliminary injunctions imposed in *Antonyuk* and *Hardaway* remain in effect, and the places of worship provision cannot be enforced by Defendant Nigrelli. Accordingly, all five of the governing factors weigh in favor of staying this matter.

Thank you kindly for your consideration of this matter.

Respectfully submitted,

*s/ Michael McCartin*

Michael G. McCartin
Assistant Attorney General
Bar Roll No. 511158
Michael.McCartin@ag.ny.gov

cc: All counsel of record (via e-filing)