

November 30, 2022

By ECF

Hon. Thomas J. McAvoy
United States District Judge
Northern District of New York
Federal Building and U.S. Courthouse
Binghamton, New York 13901

  Re: Bleuer, et al. v. Nigrelli, et al., No. 3:22-cv-01037 (TJM/ML)

Dear Judge McAvoy:

  Please accept this letter from Plaintiffs responding to the letter motion of the Attorney General for the State of New York for Defendant Nigrelli dated November 22, 2022, in this case seeking a stay of Plaintiffs' action because of similar cases being stayed by the Second Circuit. Doc 84.

  Plaintiffs oppose the Attorney General's requested stay at this time.

  Plaintiffs intend to file their own motion for interim injunctive relief shortly and will request that the Court address Plaintiffs' motion for a temporary restraining order and preliminary injunction without waiting for the Second Circuit appellate process.

  Contrary to the Attorney General's claim, Plaintiffs are not needlessly expending their resources in seeking their own interim injunctive relief. As two other federal district courts have already preliminarily held, New York's Concealed Carry Improvement Act unlawfully infringes on the federal constitutional rights of New Yorkers desiring to carry their licensed firearms for self-defense in public such as churches. *Antonyuk v. Hochul*, No. 1:22-CV-0986 (GTS/CFH), 2022 WL 16744700 [NDNY Nov 7, 2022]; *Hardaway v. Nigrelli*, No. 22-CV-771 (JLS), 2022 WL 16646220 [WDNY Nov 3, 2022]. Plaintiffs should be similarly entitled to interim injunctive relief from this Court, and such injunctive relief should reach and include all defendants to this action. The proposed stay of Plaintiffs' action sought by the Attorney General for the State of New York on behalf of Defendant Nigrelli would not permit Plaintiffs to carry firearms or designate others to do so during the pendency of the cases already before the Second Circuit, since the defendant district attorneys not named in any of those cases still possess full authority and duty to prosecute any violation of the place-of-worship provision. *Antonyuk v Bruen*, 122CV0734GTSCFH, 2022 WL 3999791, at *14 [NDNY Aug. 31, 2022] ("[i]t is well established in New York that the district attorney, and the district attorney alone, should decide when and in what manner to prosecute a suspected offender").

Brenna Boyce PLLC

29 West Main Street
Honeoye Falls,
New York 14472
(585) 454-2000
Fax: (585) 454-3010

Brennalaw.com

Plaintiffs desire to exercise such constitutional right themselves to possess their firearms at church in this state but are currently and wrongfully precluded from doing so by the Penal Law of the State of New York. In appealing the preliminary injunctive relief granted in *Antonyuk* and *Hardaway,* the Attorney General contends that the Concealed Carry Improvement Act is constitutional and that any interim injunctive relief should be limited to only the plaintiffs in those two cases. And the Second Circuit has temporarily stayed *Antonyuk's* preliminary injunction, effectively negating *Antonyuk's* temporary relief against enforcement of the Concealed Cary Improvement Act by Defendant Nigrelli. Nor are any of the other Defendants in our case enjoined from enforcing the Concealed Carry Improvement Act. Consequently, those cases do not protect our Plaintiffs' present interests in exercising their constitutional right to public carry for self-defense in church now.

The Attorney General's reasoned basis for the requested stay does not support the relief requested. As noted, Plaintiffs reasonably desire to public-carry firearms for self-defense in church without the threat of criminal prosecution under the Concealed Carry Improvement Act. Requesting interim injunctive relief now can effectuate their federal constitutional rights and personal safety interests while the legal issues are being litigated, so Plaintiffs' resources are not being needlessly expended by such a step.

The Attorney General's burden to respond to Plaintiffs' action does not appear substantial either. To begin with, the Attorney General has already prepared the state's defense twice on the place-of-worship issue in other cases, so preparing opposition papers again on that limited issue should not be that burdensome. Moreover, since the Attorney General's arguments in *Antonyuk* and *Hardaway* and its position in this Court indicate a willingness to accept an interim stay of enforcement of the Concealed Carry Improvement Act as it pertains to public carry in church for self-defense, the Attorney General may be able to work out some agreement in response to our Plaintiffs' request for interim injunctive relief that would greatly reduce the task of responding until the appellate courts resolve the constitutional issue. As Plaintiffs intend to move shortly for interim injunctive relief and then await the outcome of the Second Circuit in *Antonyuk* and *Hardaway*, Plaintiffs are willing to defer the receipt of further answers from Defendants until these stay issues are addressed.

Also, contrary to the Attorney General's claim, consideration of Plaintiffs' legitimate request for interim injunctive relief is not a waste of judicial resources. There has been no conflict on this issue by the federal district courts who have considered the church issue under the Concealed Carry Improvement Act, nor has the Second Circuit ruled otherwise, and Plaintiffs' motion for interim injunctive relief will make the case that this Court should reach the same result as *Antonyuk* and *Hardaway*. Furthermore, in contrast to the limited reach of *Antonyuk* and *Hardaway,* our case covers most of the state and involves numerous Plaintiffs and many additional counties and their district attorneys. The Attorney General argues in the Second Circuit that there is much confusion about what concealed-carry law applies where—and an order in this case would effectively span the state and avoid a wholly piecemeal approach that the Attorney General recognizes is contrary to the public interest. Plaintiffs' case should be brought up to the same procedural posture as *Antonyuk* and *Hardaway* before the Second Circuit, but the Attorney General's request for a stay in this action at this time would preclude such

efficiency and clarity for citizens of New York, as well as leave Plaintiffs potentially charged as criminals for exercising their Second Amendment right to carry firearms for self-defense in public churches. The public interest is served by granting Plaintiffs and the rest of New York citizens their primary federal constitutional right to bear arms for self-defense in public churches while the constitutionality of the Concealed Carry Improvement Act is being finally determined.

The Attorney General argues that there is no prejudice to Plaintiffs from staying our action because "the State Defendants have asked the Second Circuit to stay the injunction with regard to the place of worship provision, but not 'as to persons who have been tasked with the duty to keep the peace at such locations.'" Although this carve-out attempts to ameliorate the overreach of the Concealed Carry Improvement Act, the carve-out does not exist in the statute, is vague and fails to indicate who has the authority to task persons with the duty to keep the peace at places of worship (and so possess firearms in church lawfully), and may not be adopted by the Second Circuit as irregular and unenforceable, as well as ignores the Second Amendment rights of other New York citizens. Moreover, the orders in *Antonyuk* and *Hardaway* do not apply to many of the other Defendants in this case or their law enforcement officers, leaving Plaintiffs vulnerable to differing efforts of enforcement. Plaintiffs should not be positioned into having to depend on the actions of others when the issue of vital importance to our Plaintiffs directly raised in their civil action could be squarely addressed in an interim order from this Court—whether on consent or not.

Once the Court addresses Plaintiffs' upcoming motion for interim injunctive relief, then, apart from any appeal to the Second Circuit, Plaintiffs would agree to a temporary stay of their civil action proceedings until the Second Circuit or U.S. Supreme Court resolves the underlying federal constitutional issue at hand. Such two-step process affords Plaintiffs the opportunity for consideration by the Court of requested interim injunctive relief that they deserve, and then Defendants would obtain the procedural pause that they seek, and the three cases would be at the same procedural posture and all awaiting direction from the Second Circuit. If Plaintiffs are granted the opportunity to seek interim injunctive relief with a stay deferred until after such determination, Plaintiffs would agree to defer answers to their Amended Complaint until further order of the Court—and indeed are willing to defer answers until these competing stay issues are addressed by the Court.

As is evident from our effort to resolve our competing stay applications without success as yet, I have and will continue to make good faith efforts to obtain our desired interim injunctive relief but have been unable to obtain consent from all Defendants. Accordingly, Plaintiffs seek a court conference to address the issue of a mutually agreeable stay arrangement that permits Plaintiffs to public-carry firearms for self-defense lawfully in places of worship and religious observation, and, alternatively, obtain permission to file Plaintiffs' non-dispositive motion for interim injunctive relief as required by Local Rule 7.1[a][2]. In addition, in the event a motion is necessary, Plaintiffs request permission to file up to a forty-page memorandum of law to accompany their motion. *See* Local Rule 7.1[b][1]. Plaintiffs fully expect that Defendants should receive such permission as well.

Thank you for your consideration of this letter and its requests.

Hon. Thomas J. McAvoy
November 30, 2022
Page 4 of 4

        Respectfully submitted,

        /s/ David C. Sieling

        David C. Sieling
        Brenna Boyce PLLC
        *Attorneys for Plaintiffs*
        29 W. Main Street
        Honeoye Falls, NY 14472
        (585) 454-2000
        david@brennalaw.com
        NDNY Bar Roll# 702699

Cc: All counsel of record (via e-filing)